

**SAM P. ISRAEL**
FOUNDER & MANAGING PARTNER

Eleonora Zlotnikova
Timothy Foster
Timothy Savitsky
David Hrovat
*Associates*

**BY: ECF**
Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

October 30, 2019

Re:   *Lara Fashion Limited, et al. v. Habib Arazi, et al.*, **No. 1:18-cv-09105 (SLC)**

Dear Judge Cave,

We write as counsel to Lara Fashion Limited ("LFL") and New Fairsel Limited ("NFL"; collectively, the "Plaintiffs"), with input of the Defendants, pursuant to the Court's order that the parties submit a joint letter detailing the agenda to be discussed during a telephone conference scheduled for November 5, 2019 at 3:00 p.m. *See* ECF Dkt. 52.

From the Plaintiffs' vantage, the outstanding matters requiring the assistance of the Court are as follows:

1. Notwithstanding the Plaintiffs demands, the Defendants are unwilling to produce complete QuickBooks files for the corporate Defendants and maintain that the PDF records already produced satisfy their discovery obligations and this Court's prior order. *See* ECF Dkt. Nos. 41 (Order compelling production, "Order"); 44 (Plaintiffs' Letter for 37.2 Conference for Sanctions for Non-Compliance); 47 (Defendants' Response to Letter for 37.2 Conference); 51 (Plaintiffs' Reply Letter in Support of 37.2 Conference). The Plaintiffs have sought a Local Rule 37.2 Conference requesting leave to file their motion for further production and sanctions. *See id.* <u>The Plaintiffs and Defendants disagree about whether production of the corporate Defendants' QuickBooks files is required by the Order.</u>

2. The Plaintiffs have also sought a Local Rule 37.2 Conference because the Defendants' Supplemental Interrogatory Responses were due on August 8, 2019, but not served until October 12, 2019 and even then, were deficient because they are unsigned as required by the Federal Rules of Civil

Procedure. *See* ECF Dkt. No. 51 (Plaintiffs' Reply Letter in Support of 37.2 Conference enclosing Defendants' email and Supplemental Interrogatory Responses); F.R.C.P. Rule 33(b)(5). <u>The Plaintiffs and Defendants disagree as to whether the belated service of the unverified Supplemental Interrogatory Responses warrants sanctions per the Court's prior Order [ECF Dkt. No. 41].</u>

3. During the conference held on July 18, 2019, Judge Pitman instructed the parties to meet and confer regarding the extension of discovery and other deadlines in this action in light of his order to compel. The Plaintiffs believe that until full and complete QuickBooks (or other accounting records) are produced, they cannot proceed with the deposition of the Defendants. *See* ECF. Dkt. Nos. 44, 48, 49, 51. <u>Both the Plaintiffs and the Defendants agree that the scheduling of depositions would be impractical prior to a ruling on whether further financial records/interrogatory responses are required.</u>

4. On August 20, 2019 the Plaintiffs filed a letter-motion, with the consent of the Defendants, seeking an extension of previously scheduled deadlines. ECF Dkt. No. 42. On October 10, 2019, this Court denied the Plaintiffs' letter-motion without prejudice to renewal by formal motion. ECF Dkt. 46. On October 16, 2019, the Plaintiffs filed a formal motion seeking an extension of previously ordered deadlines for "good cause." *See* ECF Dkt. Nos. 48-50. <u>Both the Plaintiffs and Defendants agree that the scheduled deadlines in this case should be extended so as to permit the parties to complete depositions once document production is complete.</u>

We thank the Court for its attention to this matter.

Respectfully submitted:

**SAM P. ISRAEL, P.C.**

By: */s/Timothy Savitsky*
Timothy Savitsky (TS6683)
*Counsel for LFL and NFL*